UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLON JEROME ORR,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD RACKLEY,<br><br>    Respondent. | No.  2:15-cv-1739 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel and in forma pauperis.  Petitioner seeks relief pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  For the reasons set forth below, the undersigned recommends that the petition be denied.

II. Factual and Procedural Background

    Petitioner does not challenge his underlying conviction, but rather challenges a 2013 prison disciplinary conviction for possession of a controlled substance and the resulting 120-day credit loss.

    On September 4, 2014, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, alleging that prison staff violated his due process rights when they charged him with, and convicted him of, constructive possession of marijuana hidden

1

between two slices of bread located on a shelf inside of his cell, and assessed a 121-day credit loss.  (ECF No. 9-1 at 2.)  The superior court denied the petition, finding that "the fact that petitioner was the cellmate and the drugs were found in an area of shelving that was open to both cellmates constitutes 'some evidence' that petitioner had constructive possession of the drugs.  For purposes of the 'some evidence' test, the evidence is sufficient."  (ECF No. 9-1 at 56-57.)  The superior court relied on In re Zepeda, 141 Cal.App.4th 1493 (2006) (upheld disciplinary finding that an inmate was in possession of contraband when three razor blades were found in a cup on a shelf accessible to both the inmate and his cellmate, despite inmate's placement in the cell for only a short time and claim to have no knowledge of the contraband).

On November 20, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District, which was denied without comment on November 26, 2014.  (ECF No. 9-1 at 59-60, 63.)

The California Supreme Court denied the petition for writ of habeas corpus, without comment, on April 1, 2015.  (ECF No. 9-1 at 82.)

III.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

////

>       (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

(9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786-87.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

////

IV. <u>The Clearly Established Federal Law</u>

Errors of state law do not support federal habeas relief. <u>Estelle</u>, 502 U.S. at 67. In the context of prison disciplinary proceedings, due process requires only that there be "some evidence" to support the charge. <u>Superintendent v. Hill</u>, 472 U.S. 445, 456, 105 S. Ct. 2768 (1985). Evidence susceptible to more than one logical interpretation is sufficient. <u>See</u> <u>Hill</u>, 472 U.S. at 457. The reviewing court must defer to prison authorities as long as "there is *any evidence* in the record that could support the conclusion reached" by the hearing officer. <u>Id.</u> at 455-46 (emphasis added). In prison disciplinary proceedings, an inmate is not entitled to the full panoply of due process rights that apply to traditional criminal cases. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

V. <u>The State Court's Ruling</u>

Because the California Supreme Court denied the petition without comment, this court "looks through" the silent denial to the last reasoned state court decision addressing the petition. <u>See</u> <u>Nunnemaker</u>, 501 U.S. at 797. The superior court issued the only reasoned decision adjudicating the claim; thus, the court reviews the superior court's decision for reasonableness under § 2254(d). <u>See</u> <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005). The superior court addressed petitioner's claims as follows:

> The petition for writ of habeas corpus has been filed and considered. It is DENIED.
>
> Petitioner challenged a disciplinary finding that he was in constructive possession of marijuana that was found on a shelf in his cell. Petitioner claimed that he was only the cellmate of the inmate who actually possessed the drugs, which were found inside several slices of bread, and that he did not possess his cellmate's property.
>
> The standard of review for sufficiency of the evidence in prison disciplinary hearings is the "some evidence" test. (*Superintendent v. Hill* (1985) 472 U.S. 445.) As long as there is a "modicum" of evidence to support the charges, the decision must be upheld. This standard is "extremely deferential, and recognizes that '[r]evocation of good time credits,' while significant enough to implicate due process rights, 'is not comparable to a criminal conviction.' . . . Ascertaining whether the 'some evidence' standard is satisfied 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any

evidence in the record that could support the conclusion reached by the' prison authorities." (*In re Rothwell* 92008) 164 Cal. App. 4th 160, 165-166, citations omitted.)

    *In re Zepeda* (2006) 141 Cal.App.4th 1493 upheld a disciplinary finding that an inmate was in possession of contraband when three razor blades were found in a cup on a shelf accessible to both the inmate and his cellmate. This was true even though the inmate had been placed in the cell for only a short time and claimed to have no knowledge of the contraband. *Zepeda* cited the following list of cases involving constructive possession by cellmates: *Hamilton v. O'Leary* (7th Cir. 1992) 976 F.2d 341, 346 ["some evidence" standard satisfied where "six homemade weapons were found in [a cell] which was occupied by and under the control of Hamilton and his three cellmates," and thus "there was a 25% probability that Hamilton was the owner of the weapons"]; *In re Anderson* (1989) 112 W[ash].2d 546 [772 P.2d 510, 512] ["The fact that there was a knife found in the cell is some evidence that any one of the four cellmates, or all four of the cellmates, either possessed the knife, placed the knife in the cell or at least knew of its presence in the cell"]' *People v. Lucky* (1988) 45 Cal.3d 259, 292 [247 Cal. Rptr. 1, 753 P.2d 1052] [sufficient evidence for criminal conviction of possession of weapon in prison where "shanks" were found hidden in ceiling shaft nearest defendant's bunk, in a relatively inaccessible area].) (*Zepeda, supra*, 141 Cal.App.4th at p. 1499-1500.)

    In light of the holding in *Zepeda*, the fact that petitioner was the cellmate and the drugs were found in an area of shelving that was open to both cellmates constitutes "some evidence" that petitioner had constructive possession of the drugs. For purposes of the "some evidence" test, the evidence is sufficient.

(ECF No. 9-1 at 56-57.)

VI. Discussion

Petitioner's arguments concerning the elements of the crime under state law are unavailing. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court bound by state court's interpretation of state law). The only question that is cognizable in this court is whether petitioner's credit forfeiture was supported by "some evidence" of a disciplinary violation, as Hill requires. Under 28 U.S.C. § 2254, the dispositive question is whether the state court's resolution of that issue was objectively unreasonable. It was not.

The superior court applied Hill in reviewing the disciplinary violation, and applied it correctly. The Hill standard is "minimally stringent." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Here, the evidence that the marijuana was discovered on a lower shelf in petitioner's cell where both petitioner and his cellmate had access (ECF No. 9-1 at 22) constitutes "some

evidence" that petitioner had constructive possession of the marijuana. Due process requires nothing more.

Finally, the record reflects that petitioner received the process due. In the prison disciplinary context, due process requires that the prisoner receive: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

Here, petitioner does not deny that he received written notice of the charges at least 24 hours before the disciplinary hearing, or that he received a written statement of the evidence relied upon. (ECF No. 1, *passim*.) Petitioner was provided an opportunity to call witnesses, but declined. (ECF No. 9-1 at 20.) Petitioner did not meet the criteria for assignment of a staff assistant for legal assistance. (ECF No. 9-1 at 20.) Thus, petitioner received all the process he was due.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

w/orr1739.157